IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SALMERON and <br> MARTINA SALMERON, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § | Civil Action No. 3:11-CV-1398-M-BK |
| | § | |
| CITIMORTGAGE, Inc., *et al.*, | § <br> § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 9). The Court now considers Defendants' *Motion to Dismiss Plaintiffs' First Amended Petition* (Doc. 6). For the reasons discussed below, it is recommended that the motion be GRANTED.

## I. BACKGROUND[1]

On June 6, 2011, after CitiMortgage brought suit against Plaintiffs in state court for forcible detainer, Plaintiffs filed this *pro se* action in state court against Defendants in connection with the foreclosure of their home. (Doc. 1-5; Doc. 1-6 at 8). On June 24, 2011, Defendants removed the case to this court on the basis of diversity jurisdiction. (Doc. 6).

In their *Amended Petition*, Plaintiffs allege causes of action against Defendants for: 1) violations of the Texas Debt Collections Practices Act (TDCPA) and the Texas Deceptive Trade Practices Act (DTPA); 2) suit to quiet title; and 3) a declaratory judgment; they also seek an accounting and request a temporary restraining order (TRO). (Doc. 1-6 at 8-11). Plaintiffs maintain that on July 28, 2006, they purchased the property located at 3014 Cross Timbers Dr.,

---

[1] In deciding this Rule 12(b)(6) motion, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoted case omitted).

1

Irving, Texas 75060. *Id*. at 4. "On or about that date, Plaintiffs executed a promissory note (the 'Note'), payable to the original lender AMERICAHOMEKEY, INC. A Deed of Trust was also executed on July 28, 2006, which identified Defendant [Mortgage Electronic Registration Services] MERS as a beneficiary." *Id*. Plaintiffs aver that MERS never had possession of the Deed of Trust and Note in tandem, thus rendering its interest in the property unsecured. *Id*.

Plaintiffs further contend that, thereafter, MERS transferred or assigned its interest in the Deed of Trust to Defendant CitiMortgage. *Id*. at 4-8. Subsequently, CitiMortgage foreclosed on and sold Plaintiffs' property on April 5, 2011. *Id*. at 4. Plaintiffs argue that since MERS interest in the property was unsecured, CitiMortgage did not have a secured interest and should not have proceeded to sell the property at foreclosure. *Id*. Plaintiff also argues that MERS "lacked the requisite legal capacity to assign, transfer, and/or sell the mortgage on the Property." *Id*. at 7.

In their motion to dismiss pursuant to Rule 12(b)(6), Defendants argue, *inter alia*, that "Plaintiffs' 'split the note' theory lacks merit" and that Plaintiffs lack standing to challenge any assignment of the Deed of Trust between MERS and CitiMortgage. (Doc. 6 at 9-12). On August 25, 2011, after Plaintiffs failed to timely file a response to the motion to dismiss, the Court ordered that no responses would be permitted. (Doc. 8).

## II. APPLICABLE LAW

Motions to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). However, a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief may be granted. Under the Rule 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Moreover, when considering a motion to dismiss, the court accepts as true all well-pleaded facts and views those facts in a

light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). However, the tenet that a court must accept as true all allegations contained in a complaint when ruling on a Rule 12(b)(6) motion is inapplicable to legal conclusions. *Iqbal*, 129 at 1949.

Dismissal is required when a complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1950.

### III. DISCUSSION

Here, Plaintiffs' entire case is premised on the assumption that MERS's interest in the property was unsecured because MERS was listed as beneficiary on the Deed of Trust but not the Note, and consequently: (1) CitiMortgage's foreclosure sale is unenforceable because their interest was also unsecured, and (2) any assignment or transfer of the mortgage was invalid. (Doc. 1-6 at 4-8). Plaintiffs' underlying assumption is contrary to applicable law, however.

Under circumstances analogous to those the Court confronts here, state and federal courts in Texas have consistently held that that MERS has the authority to transfer the rights and interests in a deed of trust (if the authority is provided for in the operative documents), and have also consistently rejected claims of wrongful foreclosure where the deed of trust specifically grants the defendant a right to foreclose upon the plaintiff's default. *See, e.g., Athey v. MERS*, 314 S.W.3d 161, 166 (Tex.App.- Eastland 2010); *Wiggington v. Bank of New York Mellon*, No.

3:10-cv-2128-G, 2011 WL 2669071 at *3 (N.D. Tex. 2011); *Defranceschi v. Wells Fargo Bank, N.A.*, N0. 4:10-CV-455-Y, 2011 WL 3875338 at *4 (N.D. Tex. 2001); *Richardson v. CitiMortgage, Inc.,* No. 6:10-CV-119, 2010 WL 4818556 at *5 (E.D. Tex. 2010); *Santarose v. Aurora Bank FSB*, No. H-10-720, 2010 WL 2232819 at *5 (W.D. Tex. 2010). Where "MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage." *Eskridge v. Federal Home Loan Mortgage Corp.*, No. W-10-CA-285, 2011 WL 2163989 at *5 (W.D. Tex. 2011) (*Citing* Comment e to the Restatement (3d) of Property (Mortgages) § 5.4).

In this case, the Deed of Trust provides that MERS is the "nominee for Lender . . . and Lender's successors and assigns." (Doc. 1-6 at 18). The Deed of Trust also provides that MERS "hold[s] only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." *Id*. at 19.

Plaintiffs do not allege that they performed under the Note or Deed of Trust. They also concede that MERS assigned its interest in the Deed to CitiMortgage. *Id*. at 4-8. Moreover, the Deed of Trust, on its face, [2] clearly grants MERS a right to foreclose -- a right CitiMortgage acquired through the assignment of the Deed of Trust. Thus, "there is no merit to Plaintiffs' argument that the deed of trust and note were 'split,' rendering any attempted foreclosure defective." *Defranceschi*, 2011 WL 3875338 at *4.

---

[2]  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. Tex. 2000) (Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to plaintiff's claim).

Since all of Plaintiffs' claims are premised on the "split the note" theory, they all fail. Even viewing the facts in the light most favorable to Plaintiff, CitiMortgage had the right to foreclose on Plaintiffs' property. Furthermore, to the extent Plaintiffs' claims challenge the assignment of the Deed of Trust between MERS and CitiMortgage, Plaintiff lacks standing to assert any challenge to the assignment. *See Defranceschi*, 2011 WL 3875338 at *5 (*Citing Eskridge*, 2011 WL 2163989 at *5).

## IV. LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000). Here, counseled Plaintiffs filed an original and an amended petition. Moreover, they failed to timely respond to Defendants' motion to dismiss for failure to state a claim. Thus, the Court concludes that Plaintiffs have already pled their best case and granting leave to amend would be futile and cause needless delay. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."); *See also Biggers v. BAC Home loans Servicing, LP*, 767 F.Supp. 2d 725, 735 (N.D. Tex. 2011) (plaintiffs were not allowed to replead their claims where they twice failed to respond to the defendant's motions to dismiss).

## V. CONCLUSION

Thus, for the reasons discussed herein, it is recommended that Defendants' *Motion to Dismiss* (Doc. 6) be **GRANTED** and, Plaintiffs' case be **DISMISSED** in its entirety.

**SO RECOMMENDED,** February 3, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE